# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, | Criminal No. 08-136 (JRT) |
| Plaintiff, | |
| v. | **ORDER SETTING EVIDENTIARY HEARING** |
| MARANDA M. WEBER, | |
| Defendant. | |

Timothy C. Scannell, Cook County Attorney, **OFFICE OF THE COOK COUNTY ATTORNEY**, Cook County Courthouse, 411 West Second Street, Grand Marais, MN 55604, for plaintiff.

Paul W. Rogosheske, **THUET, PUGH, ROGOSHESKE & ATKINS, LTD.**, Suite 100, 222 Grand Avenue West, South St. Paul, MN 55075, for defendant.

Defendant Maranda M. Weber is an agent employed by the United States Border Patrol. On October 31, 2007, Weber struck a pedestrian with her vehicle while she was patrolling the Gunflint Trail in Cook County, Minnesota. The pedestrian, Kenneth Millard Peterson, later died as a result of his injuries. Weber was subsequently indicted by a state grand jury on two misdemeanor traffic violations. Weber then filed a notice removing this action to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.

Under federal law, federal officers and agencies have a limited right to remove state legal proceedings to federal court. *See* 28 U.S.C. § 1442(a). "[Section 1442(a)] provides for removal where (1) the defendant has acted under the direction of a federal

officer, (2) there was a causal connection between its actions and the official authority, (3) the defendant has a colorable federal defense to the plaintiff's claims, and (4) the defendant is a 'person' within the meaning of the statute." *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 967 n.2 (8th Cir. 2007). "For a defense to be considered colorable, it need only be plausible; § 1442(a)(1) does not require a court to hold that a defense will be successful before removal is appropriate." *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001).

The procedures applicable to such removals are set forth in 28 U.S.C. § 1446. After a timely notice of removal is filed, this Court is to determine "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." § 1446(c)(4). If so, "the court shall make an order for summary remand." *Id.* If not, the court is to hold an evidentiary hearing to determine whether there is a sufficient factual basis for removal. § 1446(c)(5).

Here, Weber alleges that at the time of the accident she was acting in her capacity as a federal officer and did nothing beyond what was "authorized and necessary" for the performance of her duties. (Notice of Removal ¶12(b)(v).) Weber contends that she will therefore be entitled to immunity for her actions. "[I]n the context of a criminal prosecution, the immunity defense bars a state from prosecuting a federal agent for alleged violations of a state criminal law if (1) the federal agent was performing an act which [s]he was authorized to do by the law of the United States and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for h[er] to do." *New York v. De Vecchio*, 468 F. Supp. 2d 448, 460 (E.D.N.Y. 2007) (internal quotation marks omitted). Courts elsewhere have further refined this test in

cases where federal agents have attempted to remove state criminal prosecutions arising out of traffic accidents.  For example, the Fourth Circuit has indicated that "a federal officer must show that the accident resulted from an **exigency or emergency** related to [her] federal duties which dictated or constrained the way in which [she] was required to, or could, carry out those duties."  *State of N.C. v. Cisneros*, 947 F.2d 1135, 1139 (4th Cir. 1991) (emphasis added).

Although it is not yet clear that Weber will be able to satisfy this standard, the Court cannot conclude that it "clearly appears on the face of [Weber's] notice" and the submitted materials that removal would be inappropriate.  In order to make this determination, the Court will need to be apprised of further context of the accident, including the details of any contemporaneous enforcement activities involving Weber.  Accordingly, the Court concludes that the appropriate course is to hold an evidentiary hearing, to provide the parties with an opportunity to submit evidence and argument bearing on the factual basis for Weber's immunity claim.

The parties will be permitted to submit briefs in advance of this hearing.[1]  In addition, it is the intent of the Court that this hearing be held at the United States Courthouse in Duluth, Minnesota, for the convenience of the parties.  The parties are directed to contact the Court's Calendar Clerk to confer about available hearing dates, an

---

[1] In her removal notice, Weber also generally asserts that she "will be asserting a number of federal defenses including but not limited to protective jurisdiction, a defect in instituting the prosecution, a defect in the indictment, notice of public-authority, locally [sic] hostility to her function as a federal agent and the agencies' very presence in the community, and immunity under the Constitution's Supremacy Clause."  (Notice of Removal ¶13.)  If Weber intends to rely on any of these additional defenses as a basis for removal, she should address them in her brief.

appropriate briefing schedule, and the scope of the evidence that the parties intend to introduce at the hearing.

Finally, to be clear, Weber will not be required to conclusively demonstrate that she is entitled to immunity in order to remove her case to federal court. In other words, "[t]he officer need not win [her] case before [she] can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). Rather, Weber will merely be required to demonstrate that her immunity defense is "plausible." *Todd*, 245 F.3d at 693. If she is able to do so, the applicability of her immunity defense will be litigated in federal district court. If she is not able to do so, her case will be remanded to Cook County District Court.

## ORDER

Based on the foregoing, all the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Weber's removal request is set for an evidentiary hearing in Duluth, Minnesota.

2. The parties are to contact Holly Morley, Calendar Clerk for Judge Tunheim, to discuss available hearing dates, an appropriate briefing schedule, and the scope of the evidence that the parties intend to introduce at the hearing.

DATED: October 14, 2008  
at Minneapolis, Minnesota.

                                        s/ John R. Tunheim  
                                        JOHN R. TUNHEIM  
                                        United States District Judge